**Philip Yuk Yu MA, Plaintiff–Appellee,**

v.

**Janet RENO, Attorney General of the United States, Defendant–Appellant.**

**No. 96–15611.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1997.

Decided May 23, 1997.

Karen Ann Hunold and Donald A. Couvillon, United States Department of Justice, Washington, D.C., for defendant-appellant.

Donald Ungar, Simmons, Ungar, Helbush, Steinberg & Bright, San Francisco, California, for plaintiff-appellee.

Before: WIGGINS, TROTT, Circuit Judges, and ZAPATA, District Judge.*

---

\* The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

TROTT, Circuit Judge.

## Overview

Philip Yuk Yu Ma was adopted as a child in Hong Kong, immigrated to the United States, and is now a United States citizen. Ma petitioned the Immigration and Naturalization Service ("INS") for preferential visa status on behalf of his natural brother, a resident of Hong Kong. The INS initially granted the petition, but subsequently revoked it after concluding that Ma's adoption had severed his legal relationship to his biological brother. Ma appealed the revocation of the visa petition to the Board of Immigration Appeals ("BIA"). Without waiting for a final decision from the BIA, Ma filed this action in the district court, seeking a declaratory judgment. The district court granted summary judgment in favor of Ma.

The Government appeals, contending that the district court was without jurisdiction over this action because Ma's appeal to the BIA was still pending. We conclude that Ma's pending appeal before the BIA rendered the agency decision at issue non-final, and that the district court therefore acted without jurisdiction.

## Background

Philip Yuk Yu Ma was adopted at age six by an aunt and an uncle in Hong Kong and was permitted to immigrate to the United States because of this adoptive parent-child relationship. In 1984, Ma filed a petition seeking to confer preferential immigration status on his biological brother, Kwun Yu Ma, pursuant to section 203(a)(4) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1153(a)(4).[1] The INS approved the petition and forwarded it to the United States State Department consulate in Hong Kong for processing as visas became available. Kwun Yu Ma applied for an immigration visa in 1994, when visas first became available to fourth-preference individuals with 1984 priority dates. However, the consulate returned Ma's petition to the INS for possible visa-revocation proceedings. On Oc-

---

1. This section's original numbering was INA section 203(a)(5), 8 U.S.C. § 1153(a)(5).

tober 13, 1994, the INS notified Ma of its intent to revoke the visa petition because Ma's adoption had severed his legal relationship to his natural brother, citing the BIA's decisions in *Matter of Kong,* 17 I. & N. Dec. 151 (BIA 1979), and *Matter of Li,* 20 I. & N. Dec. 700 (BIA 1993). On November 3, 1994, the INS District Director revoked the visa petition.

Ma appealed the revocation decision to the BIA. However, on August 2, 1995, while the appeal was still pending, Ma filed a complaint in the district court seeking a declaratory judgment. The Government moved to dismiss the action because the BIA appeal was still pending, and Ma filed a motion for summary judgment. The district court held that it had jurisdiction pursuant to 8 U.S.C. § 1329 and opted not to enforce the doctrine of exhaustion of administrative remedies. The court then concluded, for the reasons set forth in its decision in *Gee v. INS,* 875 F.Supp. 666 (N.D.Cal.1994), that the BIA's interpretation of the INA in *Matter of Li* was erroneous as a matter of law and thus that the INS's revocation of Ma's petition was erroneous as well.[2] The court ordered the INS to affirm its approval of Ma's visa petition. The Government appeals.

## Standard of Review

■ We review de novo the existence of subject matter jurisdiction. *Sahni v. American Diversified Partners,* 83 F.3d 1054, 1057 (9th Cir.1996).

## Discussion

■ We must determine whether Ma's pending BIA appeal rendered the agency's revocation decision non-final for judicial review purposes and thereby deprived the district court of jurisdiction.

The district court concluded that it had jurisdiction over Ma's complaint pursuant to 8 U.S.C. § 1329 (1996), which provides: "The district courts of the United States shall have jurisdiction of all causes, civil and criminal, arising under any of the provisions of this subchapter." The court then declined to en-

force the discretionary doctrine of exhaustion of administrative remedies. However, the doctrine of exhaustion of administrative remedies, invoked by the district court, is conceptually distinct from the doctrine of finality, at issue here. The Supreme Court has explained:

> "The finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate."

*Darby v. Cisneros,* 509 U.S. 137, 144, 113 S.Ct. 2539, 2543, 125 L.Ed.2d 113 (1993) (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 193, 105 S.Ct. 3108, 3120, 87 L.Ed.2d 126 (1985)). The issue here is not whether Ma was required to exhaust his administrative remedies by appealing the revocation decision to the BIA prior to seeking judicial review. Ma chose to pursue the administrative appeals process and filed an appeal before the BIA. Thus, the question before us is whether the INS's revocation decision was final. We conclude that it was not.

The BIA has appellate jurisdiction to review the revocation of petitions for preferential visa status. 8 C.F.R. §§ 3.1(b)(5), 205.2. While an appeal is pending before the BIA, the agency will not execute the decision being appealed. 8 C.F.R. § 3.6(a).

The Ninth Circuit has recently held that if an initial agency action may be modified or reversed during administrative review, then the decision is rendered nonfinal, for purposes of judicial review under section 10(c) of the Administrative Procedures Act, while that administrative review is pending. *Acura v. Reich,* 90 F.3d 1403, 1407 (9th Cir.1996). The *Acura* court stressed that its decision "is sound policy." *Id.* at 1408. It observed:

> Having two government bodies simultaneously review an agency action wastes

---

2. The Government also appeals the merits of the district court's decision. Because we conclude that the district court was without jurisdiction, we need not address the merits.

scarce governmental resources. Further simultaneous review poses the possibility that an agency authority and a court would issue conflicting rulings. Allowing judicial review in the middle of the agency review process unjustifiably interferes with the agency's right to consider and possibly change its position during its administrative proceedings. An appeal to a higher agency authority may also obviate the need for judicial review.

*Id.* at 1408–09 (internal citations omitted). These considerations apply with equal force here.

Ma argues that the BIA made a final decision in *Matter of Li* on the identical question presented in his appeal. He seizes on the *Acura* court's discussion of the flexible and pragmatic approach to the finality of administrative decisions:

Whether an agency action is fit for judicial review depends on whether the agency action represents the final administrative work; finality must be interpreted in a pragmatic and flexible manner to ensure that judicial review does not interfere with the agency's decision-making process.

*Id.* at 1408. Ma urges the court to interpret *Li* as the agency's final administrative work, rather than waiting for the agency to repeat itself in Ma's case. Ma, however, misinterprets the finality requirement as it applies to his case. In light of Ma's pending appeal, the revocation decision was not the agency's final administrative work. The BIA had the opportunity and the authority to change its position in reviewing Ma's appeal. The district court, in assuming jurisdiction, deprived the agency of that opportunity and interfered with its decision-making process.

### Conclusion

Ma sought administrative review by the BIA of the INS's revocation decision. The INS stayed action on its revocation decision, and the BIA, which has the authority to modify the INS's determination, had not yet reached a decision. The agency action from which Ma sought relief in the district court was not final, and the district court was

therefore without jurisdiction. We dismiss this action for lack of jurisdiction.

DISMISSED.