145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles GALLE, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 97-16274.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 Appeal from the United States District Court for the Eastern District of California.
 Before: SCHROEDER, TROTT and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 KARLTON, J., Presiding
 
 
 1
 Submitted May 14, 1998**
 
 
 2
 Charles Galle appeals pro se the district court's Fed.R.Civ.P. 12(b)(1) dismissal for lack of subject matter jurisdiction of his action for libel and defamation and violation of the Fifth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The existence of subject matter jurisdiction is a question of law reviewed de novo. See Ma v. Reno, 114 F.3d 128, 130 (9th Cir.1997). Whether the United States has waived its sovereign immunity from liability for damages is a question of subject matter jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988).
 
 
 4
 Because the United States did not waive its sovereign immunity against Galle's claims for libel and defamation, see 28 U.S.C. § 2680(h); Guidry v. Durkin, 834 F.2d 1465, 1471 (9th Cir.1987), nor for violation of the Fifth Amendment, see FDIC v. Meyer, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir.1995), the district court lacked subject matter jurisdiction over Galle's action. See McCarthy, 850 F.2d at 560. Consequently, the district court did not err by dismissing Galle's action.[1]
 
 
 5
 Because the district court lacked subject matter jurisdiction, it did not err by declining to address Galle's request for a default judgment against the government.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 Because amendment of Galle's complaint would have been futile for the reasons set forth in the district court's order of dismissal, the district court did not err by failing to grant Galle leave to amend. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988). The district court did not abuse its discretion by denying Galle's motion for reconsideration