145 F.3d 1343
 81 A.F.T.R.2d 98-2352
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter William VALENTINE, Plaintiff-Appellant,
v.
United States of America; Commonwealth of Massachusetts;
Commonwealth of Massachusetts, District Court of
Westborough; Commonwealth of Massachusetts, the Trial Court,
the Probate & Family Court Department, Worcester Division;
Commonwealth of Massachusetts, Department of Revenue;
Commonwealth of Massachusetts, Department of Welfare; Dennis
Kottmeir, individually & as the former District Attorney for
the County of San Bernardino, State of CA; District
Attorney's Office, Child Support Division in & for the
County of San Bernardino; District Attorney's Office
Reciprocal Support Enforcement Divisions, County of San
Bernardino; California Child Support Collection Program;
California Franchise Tax Board; California Consumer Services
Agency; California Department of Consumer Affairs, Bureau of
Electronic & Appliance Repair; San Bernardino County
Superior Court; San Bernardino County Municipal Court;
Dennis Stout, individually & as San Bernardino County
District Attorney; Barbara E. Valentine; & all persons
acting in concert with or on behalf of the above-named
persons & entities, Defendants-Appellees.
 No. 97-56364.
D.C. No. CV-97-01229-JSL.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 22, 1998.
 
 Appeal from the United States District Court for the Central District of California J. Spencer Letts, District Judge, Presiding.
 Before SCHROEDER, TROTT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Peter Valentine appeals pro se the district court's sua sponte dismissal of his 28 U.S.C. § 1983 action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 We review de novo the existence of subject matter jurisdiction, see Ma v. Reno, 114 F.3d 128, 130 (9th Cir.1997), and we affirm.
 
 
 4
 Valentine contends that the district court erred by dismissing his action and by refusing to file his objections to the magistrate judge's report and recommendation of dismissal under Fed.R.Civ.P. 72(a).
 
 
 5
 Because under 26 U.S.C. § 6402(e) federal courts cannot entertain actions against the United States for the withholding of tax overpayments to satisfy past-due child support obligations under § 6402(c), the district court did not err by dismissing Valentine's action against the United States.[1]
 
 
 6
 Because under the Rooker-Feldman doctrine federal courts lack authority to review state court judgments, the district court did not err by dismissing Valentine's action against the state defendants. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Worldwide Church of God v. McNair, 805 F.2d 888, 892-93 (9th Cir.1986).[2]
 
 
 7
 Because the district court properly dismissed Valentine's action against the state defendants and because Barbara Valentine is not a state actor, the district court did not err by dismissing Valentine's action against her. Cf. Fred Meyer, Inc. v. Casey, 67 F.3d 1412, 1416 (9th Cir.1995).
 
 
 8
 Finally, the district court's lack of jurisdiction over Valentine's action moots his contention that the district court erred by refusing to file his objections to the magistrate judge's report and recommendation.
 
 
 9
 Valentine's motion to file a second reply brief is denied.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Valentine's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court dismissed Valentine's action against the United States on other grounds not addressed here. See Oregon Short Line R.R. v. Department of Revenue Oregon, No. 97-35025, 1998 WL 125084, at * 5 (9th Cir. Mar.23, 1998) (stating that court may affirm on any basis supported by record, including ground not reached by district court)
 
 
 [2]
 To the extent that either state's child support proceedings are not final, the district court did not err by abstaining from intervention under Younger v. Harris, 401 U.S. 37, 54 (1971). See Kitchens v. Bowen, 825 F.2d 1337, 1339, 1341-42 (9th Cir.1987)