**STATE OF NEBRASKA, EX REL., DEPARTMENT OF SOCIAL SERVICES; Internal Revenue Service, Plaintiffs–Appellees,**

v.

**David A. BENTSON, Defendant–Appellant.**

No. 97–15204.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 1998. *

Decided June 4, 1998.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Donald G. Moats, Law Offices of Donald G. Moats, Lafayette, California, for appellant.

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of

Teresa T. Milton, Assistant Attorney General, Washington, DC, for appellee.

Before: LAY,** KOZINSKI, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Defendant David A. Bentson appeals the district court's order dismissing the Internal Revenue Service ("IRS") as a party and remanding to state court his action seeking to enjoin the assessment and collection of alleged past-due child support payments. Bentson contends that the district court erred first by exercising removal jurisdiction and second by dismissing the IRS as a party prior to remanding the case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

In 1986, the State of Nebraska ("the State") filed an action against David Bentson in the Superior Court of Contra Costa County, California, seeking to collect some unpaid child support payments which had been assigned to it. The court entered an order directing Bentson to pay $9,290 to the State. A satisfaction of that judgment was entered in 1992.

The State then petitioned the United States Secretary of Health, Education, and Welfare, under the federal Social Security Act, 42 U.S.C. § 452(b), to certify additional child support arrearages, previously denied by the California court, to the IRS for collection. This petition was granted. Accordingly, the IRS notified Bentson that it had initiated collection proceedings against him and subsequently served him with various notices of intention to levy before filing a lien against his property in Contra Costa County.

Appeals, sitting by designation.

Bentson countered by obtaining a San Francisco Superior Court judgment permanently enjoining the State from collecting the additional payments. The State refused to comply. Consequently, the Superior Court scheduled a civil contempt proceeding against the State and included the IRS as the State's collection agent. Before the date of the hearing, the IRS removed the case to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1442(a)(1). Bentson then filed a motion to remand the case back to state court, arguing that the removal was improper under 26 U.S.C. § 6305(b), which generally prohibits federal court jurisdiction over matters concerning the IRS's collection of child support payments. The district court disagreed with Bentson and dismissed the IRS from the action before remanding the case back to state court. This timely appeal followed.

## II.

The existence of subject matter jurisdiction is a question of law subject to *de novo* review. *Ma v. Reno,* 114 F.3d 128, 130 (9th Cir.1997). A district court's decision to remand a removed case is also reviewed *de novo. Crawford Country Homeowners Ass'n v. Delta Sav. & Loan,* 77 F.3d 1163, 1165 (9th Cir.1996).

## III.

■ As a threshold matter, we must determine whether we can even consider Bentson's objections to the district court's remand order, because, under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal...." However, notwithstanding that section, because the dismissal of the IRS analytically preceded the remand order, we may review the validity of that dismissal even though the remand itself is immune from appellate review. *See Gallea v. United States,* 779 F.2d 1403, 1404 (9th Cir.1986).

## IV.

■ Next, we must consider whether the case was removable in the first instance.

Under the removal statute in effect when this case was filed, an agency of the United States, as opposed to a federal officer, could not remove a case from state to federal court. *See* 28 U.S.C. § 1442(a)(1) (1991); *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 79, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). However, Congress subsequently enacted the Federal Courts Improvement Act of 1996, Pub.L. 104–317, 110 Stat. 3847, 3850, which amended the removal statute to expressly allow for removal by federal agencies. See 28 U.S.C. § 1442(a)(1) (1997) (stating that a civil action brought against "[t]he United States or any agency thereof" is removable). Because § 1442 is a statute which regulates jurisdiction and procedure, the new law applies to cases pending at the time of its enactment. *See Landgraf v. USI Film Prods.,* 511 U.S. 244, 274–75, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Thus, since this case was brought against an agency of the United States, it was removable under § 1442 as amended. 28 U.S.C. § 1442(a)(1).

## V.

■ Having determined both the scope of our appellate review and the propriety of the case's removal under the plain text of the removal statute, we now must address the relationship among the three statutory commands which give rise to this appeal: 28 U.S.C. § 1442(a)(1) (" § 1442"), 26 U.S.C. § 6305(b) (" § 6305"), and 28 U.S.C. § 1447(c) (" § 1447"). As discussed above, § 1442 states that civil actions brought against federal agencies in state court are removable. However, § 6305 expressly deprives the federal courts of jurisdiction over actions brought to restrain the assessment and collection of an alleged past-due child support obligation, and § 1447 provides that "[i]f at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The IRS removed this action to the district court, and Bentson moved to remand. The court held that removal was proper under § 1442, yet, under § 6305, subject matter

jurisdiction was lacking over the claims against the IRS. It therefore dismissed the IRS as a party. That dismissal destroyed the court's subject matter jurisdiction over the entire case, as the presence of a federal agency was what gave rise to its initial removability. Accordingly, the court remanded the action back to the state court, pursuant to § 1447.

■ Bentson argues that, by depriving federal courts of subject matter jurisdiction over these types of claims, § 6305 has effectively rendered the case non-removable. We disagree. A defendant's power to remove a case to federal court is independent of the federal court's power to hear it. These are analytically distinct inquiries and should not be confused. Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims. *See* 28 U.S.C. § 1447(c) ("If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Moreover, if the action had been filed directly in federal court, the district court would have the authority to decide whether it had subject matter jurisdiction over the case. *Wilson v. A.H. Belo Corp.*, 87 F.3d 393, 396 (9th Cir.1996). The fact that the case was removed to the district court, rather than originally filed there, does not change the analysis. Removal of this case was proper under the plain language of § 1442, giving the district court the authority to determine whether it had subject matter jurisdiction over the claim against the IRS.

■ It did not, because § 6305 expressly deprives the federal courts of such jurisdiction. Seizing upon this apparent lack of judicial power, Bentson argues that, pursuant to the command of § 1447(c), § 6305 required the district court to immediately remand the case. Thus, the argument continues, the prior dismissal of the IRS as a party was not within the district court's power. Under § 1447, he argues, all the court could do was remand the entire case. Once again, we disagree.

■ In addition to depriving federal courts of jurisdiction over these types of claims, § 6305 additionally provides that nothing in that section should be construed to preclude remedies against the *state* in a state court or before an administrative agency. This language implies the absence of a remedy against *federal* agencies in any court, be it federal or state. Section 6305 was enacted against the backdrop of the well-established sovereign immunity of the United States from suit absent a waiver. *See United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("The United States … is immune from suit save as it consents to be sued."); Pub.L. 93–647, § 101(b)(1) (adding § 6305 in 1975). Therefore, by enacting § 6305, Congress intended that neither state nor federal courts would have jurisdiction over claims seeking to restrain an agency of the United States in this type of collection effort.

■ Thus, the California Superior Court erroneously included the IRS in its contempt proceeding. Without an express waiver of the IRS's sovereign immunity as an agency of the United States, the state court lacked jurisdiction. Once the case was removed, the parties and their claims were appropriately before the district court under the removal statute. The district court then had before it a party, the IRS, over which neither it nor the state court could have jurisdiction. Moreover, the district court did not have jurisdiction to decide the case as to the State. By dismissing the IRS as a party prior to remand, the district court simply gave effect to the jurisdictional realities of the situation before it. This was an appropriate exercise of the district court's authority, and we decline to overturn it.

## CONCLUSION

The case was properly removed, giving the district court the authority to consider the question of subject matter jurisdiction. Once the court determined that it lacked subject matter jurisdiction over the claims against the IRS, it properly dismissed those claims before remanding the remainder of the case to state court. The district court's disposi-

tion of the case was proper and is therefore AFFIRMED.

AFFIRMED.