**David Lee ALEXANDER,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 00–16584.
D.C. No. CV–98–01282–LDG.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

David Lee Alexander, a federal prisoner, appeals pro se the district court's dismissal of his claims under 28 U.S.C. § 2671, the Federal Tort Claims Act ("FTCA"), for failure to state a claim and lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal, *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998) (failure to state a claim); *Ma v. Reno,* 114 F.3d 128, 130 (9th Cir.1997) (lack of subject matter), and we affirm.

The district court properly dismissed Alexander's FTCA claim for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies. *See Brady v. United States,* 211 F.3d 499, 502 (9th Cir.2000), *cert. denied,* 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000) (stating that a claimant under the Federal Tort

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

556

Claims Act must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). Thus, the district court properly dismissed Alexander's claim for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6).

The district court properly construed Alexander's complaint as asserting a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 396–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (recognizing constitutional claims can be brought against federal officials acting under color of federal law).

The district court properly dismissed the *Bivens* claim as time barred. *See* Nev. Rev. Stat § 11.190(4)(e); *W. Ctr. for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir.2000) (per curiam).

AFFIRMED.