Bruce Lee CARPENTER, Plaintiff–Appellant,

v.

COMMISSIONER OF THE INTERNAL REVENUE SERVICE, Defendant–Appellee.

No. 01–35346.

D.C. Civil No. 00–6249–AA.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Bruce Lee Carpenter, after entry of final judgment, appeals pro se the district court's denial of his motion to remand his action to quiet title on his property to the Oregon state court in which it was originally filed. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The denial of a motion to remand a removed case is reviewed de novo. *See Audette v. Int'l Longshoreman's & Warehouseman's Union,* 195 F.3d 1107, 1111 (9th Cir.1999). Although Carpenter's claim was ultimately dismissed by the district court for a failure to demonstrate a waiver of sovereign immunity, Carpenter does not take issue with the substance of that decision on appeal. Therefore, it is waived. *See Paracor Fin. v. Gen. Elec. Capital Corp.,* 96 F.3d 1151, 1168 (9th Cir.1996).

Instead, Carpenter argues that his claim to quiet title against the Commis-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

sioner was improperly removed. We disagree. Civil actions against the United States, its agencies, or its officers brought in a state court are subject to removal to federal court. *See* 28 U.S.C. § 1442(a)(1); *Nebraska v. Bentson,* 146 F.3d 676, 678 (9th Cir.1998); *Cook v. Peter Kiewit Sons Co.,* 775 F.2d 1030, 1034 (9th Cir.1985).

■ Carpenter also appears to argue that removal is improper where the district court ultimately determines that it lacks subject matter jurisdiction. But this contention also fails because dismissal for a failure to demonstrate a waiver of sovereign immunity and for want of subject matter jurisdiction are conceptually distinct. *See Powelson v. United States,* 150 F.3d 1103, 1105 (9th Cir.1998) ("[S]tatute may create subject matter jurisdiction yet not waive sovereign immunity."); *see also Arford v. United States,* 934 F.2d 229, 231 (9th Cir.1991).

■ Finally, Carpenter also claims that the removal was procedurally flawed on two grounds. First, he decries the fact that he was not provided with an opportunity to object before the case was removed. Because he is not entitled to that opportunity, his claim fails. *See* 28 U.S.C. § 1446(a) & (d). Similarly, Carpenter claims that the Commissioner was required to demonstrate in an evidentiary hearing "good cause" to justify removal. Again, there is no such requirement. *See id.*

AFFIRMED.