Alejandro BARRAGAN, Petitioner—
Appellant,

v.

Thomas J. SCHILTGEN, District Director; James Zigler, Ins Commissioner; John Ashcroft, Attorney General, Attorney General; Immigration and Naturalization Service, Respondents—Appellees.

Alejandro Barragan, Petitioner,

v.

John Ashcroft, Attorney General, Respondent.

Nos. 02–55789, 02–72395, 03–70646.

D.C. No. CV–02–03113–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2004.*

Decided Feb. 19, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Alan R. Diamante, Los Angeles, CA, for Petitioner–Appellant/Petitioner.

Frank M. Travieso, Ashley Tabaddor, Office of the U.S. Attorney, Los Angeles, CA, for Respondents–Appellees.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Tara Leigh Grove, U.S. Dept. of Justice, Washington, DC, for Respondent.

Before BROWNING, REINHARDT, and WARDLAW, Circuit Judges.

## MEMORANDUM**

This consolidated case involves three petitions filed by Alejandro Barragan relating to an order of removal entered by the Immigration Judge (IJ) below. Barragan's first petition seeks review of the Board of Immigration Appeals' (BIA) decision not to reconsider or reopen proceedings because of alleged ineffective assistance of counsel. His second petition challenges the BIA's denial of an untimely motion to reopen based on Barragan's claim of nationality. The third petition, a habeas petition, was filed in the district court and is now on appeal before us. We dismiss Barragan's first petition and deny his second, but remand the habeas petition to the district court because it now has jurisdiction to hear Barragan's claim.

The IJ ordered Barragan removed pursuant to § 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii), which authorizes removal of any non-citizen convicted of two or more crimes of moral turpitude. Barragan appealed his removal order to the BIA, arguing that the IJ's decision relied on a material mistake of fact, that the IJ abused his discretion by not considering all relevant factors when balancing the equities in favor of and against cancellation of removal, and that the IJ erred by not considering all possible forms of relief. The BIA dismissed the appeal on March 1, 2002. On April 1, 2002, Barragan filed a motion to reconsider and reopen proceedings, making similar claims to his first appeal, but also arguing that he had received ineffective assistance of counsel. Barragan also requested a stay of removal, which was denied by the BIA on April 12, 2002. The BIA formally denied Barragan's motion to reconsider and reopen proceedings on July 1, 2002. He filed a petition for review with this court on July 30, 2002. Barragan filed a second motion to reopen on December 6, 2002, arguing that he was a national of the United States because he had applied for citizenship and the selective service. The BIA denied that motion as untimely on January 18, 2003, and Barragan appealed that denial to our court on February 12, 2003.

Barragan filed his petition for writ of habeas corpus in the district court on April 15, 2002, and requested a stay of removal pending resolution of his claim. The dis-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trict court denied the stay request and dismissed for lack of jurisdiction, without further comment, on April 22, 2002. Barragan appealed from that order on May 2, 2002. On September 12, 2002, we granted Barragan's stay request pending resolution of his habeas petition.

We lack jurisdiction over Barragan's two petitions for review of the BIA orders except as to one question. This court generally lacks jurisdiction to review a BIA final order for removal of an alien convicted of a crime enumerated in INA § 242(a)(2)(C), including § 237(a)(2)(A)(ii), the section under which Barragan was found removable. *See Flores–Miramontes v. INS,* 212 F.3d 1133 (9th Cir.2000); *Cedano–Viera v. Ashcroft,* 324 F.3d 1062 (9th Cir.2003). This bar against judicial review of final removal orders applies even when the petitioner appeals a denial of a motion to reconsider or reopen deportation proceedings. *Sarmadi v. INS,* 121 F.3d 1319, 1321 (9th Cir.1997). Thus, we dismiss Barragan's first petition for review because we lack jurisdiction. We do have jurisdiction, however, to review that portion of Barragan's claim that alleges that he is a United States national. *See Hughes v. Ashcroft,* 255 F.3d 752, 755 (9th Cir.2001). As to that question, Barragan's petition is meritless. This court has squarely rejected Barragan's claim that one can become a national by registering for the selective service and applying for citizenship. *Perdomo–Padilla v. Ashcroft,* 333 F.3d 964, 972 (9th Cir.2003). Therefore, we deny Barragan's second petition.

Although we generally lack jurisdiction over Barragan's petitions for direct review of the Board's decision not to reconsider or reopen proceedings, there is an appropriate forum for his constitutional claims: a petition for habeas corpus in the district court. *See Flores–Miramontes,* 212 F.3d at 1136. The district court dismissed Barragan's habeas petition on the ground that it lacked jurisdiction, but did not state the reason for this finding. We assume that it dismissed the petition because a motion to reconsider and reopen proceedings was pending before the BIA. Therefore, Barragan's remedies were unexhausted under *Ma v. Reno,* 114 F.3d 128 (9th Cir.1997) and *Puget Sound Energy, Inc. v. United States,* 310 F.3d 613 (9th Cir.2002). However, we have held that the exhaustion requirement is prudential, not jurisdictional. *Arango Marquez v. INS,* 346 F.3d 892, 897 (9th Cir.2003). That prudential requirement is now satisfied, as Barragan's administrative remedies have been exhausted. The appropriate remedy under such circumstances is to remand for a merits determination. *Cf. Reese v. Baldwin,* 282 F.3d 1184 (9th Cir.2002). We thus remand Barragan's habeas petition to the district court for a determination on the merits.

**Petition for Review: Dismissed in Part, Denied in Part.**

**Appeal of Dismissal of Habeas Petition: Remanded to District Court for Determination on the Merits.**