**PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY, WASHINGTON, Petitioner,**

Avista Corporation; Portland General Electric Company; PacifiCorp; Puget Sound Energy, Inc.; Idaho Power Company, Intervenors,

v.

**UNITED STATES of America; Department of Energy; Bonneville Power Administration, Respondents.**

No. 04–70306.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Filed Oct. 11, 2007.

Michael A. Goldfarb, Seattle, WA, for Petitioner.

Tom Deboer, Esq., Paine Hamblen Coffin Brooke & Miller, LLP, Spokane, WA, for Avista Corporation.

Loretta Mabinton, Esq., Portland General Electric Company Legal Department, Portland, OR, for Portland General Electric Company.

Stephen C. Hall, Esq., Stoel Rives, LLP, Portland, OR, for PacifiCorp.

Kirstin S. Dodge, Esq., Perkins Coie, LLP, Bellevue, WA, for Puget Sound Energy, Inc.

James Thompson, Idacorp Energy LP, Boise, ID, for Idaho Power Company.

Jeffrey K. Handy, Esq., USPO—Office of the U.S. Attorney, Mark O. Hatfield, U.S. Courthouse, Portland, OR, for Respondents.

Before: REINHARDT, W. FLETCHER, and BYBEE, Circuit Judges.

MEMORANDUM *

Petitioners ask us to review BPA's decision to implement a provision of the 2001 Load Reduction Agreement BPA entered into with PacifiCorp and Puget Sound Energy ("PSE"). The controversy concerns a "Reduction of Risk Discount" provision, which Petitioners term a "litigation penalty." The details of the provision are discussed in our opinion, *Public Util. Dist.*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*No. 1 of Snohomish County v. BPA,* 506 F.3d 1145 (9th Cir.2007), filed concurrently with this memorandum, and we do not repeat them here.

Under the Northwest Power Act, we have "original subject matter jurisdiction over BPA's 'final actions and decisions' taken pursuant to the Act." *Portland Gen. Elec. v. BPA,* 501 F.3d 1009 (9th Cir.2007) (quoting 16 U.S.C. § 839f(e)(5)). We lack jurisdiction to adjudicate challenges to decisions taken by BPA that are not "final actions" or the implementation of a "final action." *Public Util. Dist. No. 1 of Snohomish County,* 506 F.3d at 1151. In 2003, BPA attempted to settle all pending legal challenges to its 2000 Residential Exchange Program ("REP") Settlement Agreement. In exchange for the public utility litigants dropping their legal challenges, PacifiCorp and PSE agreed to forego the $200 million litigation contingency payment. BPA announced the proposed settlement in its October 21, 2003 Record of Decision ("2003 ROD"), where it made clear that if the public utilities refused to enter the global settlement, BPA would raise its rates in order to pay the "litigation penalty." The proposed settlement required unanimous approval by all concerned parties. Because BPA could not garner the support necessary, its proposed global settlement failed on January 21, 2004. Petitioners filed a timely challenge within the required 90 days of the publication of the 2003 ROD.[1] The issue is whether we have jurisdiction over a Rule of Decision that expired on its own terms.

■ Petitioners argue that BPA's failed 2003 ROD significantly altered and broadened the scope of the 2001 Load Reduction Agreement provisions and was a "separate act of implementation" of the "litigation penalty." Although this may be true, the settlement agreement and the 2003 ROD were void *ab initio* when they failed to garner the necessary consensus. We lack jurisdiction to entertain the petition because the failed 2003 ROD is neither a final action nor the implementation of a final action within the meaning of 16 U.S.C. § 839f(e)(5).

The 2003 ROD is not a final action because it fails the second prong of the Supreme Court test for finality articulated in *Bennett v. Spear,* 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). The defunct 2003 ROD has no legal force and works no concrete, actual injury on Petitioners. In this situation, the failed settlement agreement is not a document which created any legal rights or obligations or worked an injury on Petitioners, who refused to enter into it. Consequently, the failed 2003 ROD is not a final agency action under *Bennett.*

■ Similarly, the petition is not a proper challenge to the implementation of a final agency action, as Petitioners also argue. We conclude that the 2003 ROD does not indicate that BPA had arrived at a "definitive position ... that inflicts an actual, concrete injury," *Puget Sound Energy, Inc. v. United States,* 310 F.3d 613, 624 (9th Cir.2002) (quoting *Ma v. Reno,* 114 F.3d 128, 130 (9th Cir.1997) (internal citations omitted)), as the injury (i.e., the "litigation penalty") flows from a prior 2001 Load Reduction Agreement, not the failed 2003 ROD. The failure of the 2003 ROD is a failure to alter the previous agreements providing for the "litigation penalty," not a separate action implementing a prior rule or agreement. Petitioner is attempting to challenge the original 2001

---

1. BPA entered its 2003 ROD on October 21, 2003. Petitioners filed their challenge on January 20, 2004, within the 90 day period taking into count the federal holiday on January 19, 2004.

Load Reduction Agreement itself under the guise of the failed 2003 ROD. As such, the petition is not a proper challenge to the implementation of a decision. Consequently, we lack jurisdiction and dismiss the petition.

**DISMISSED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.