**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY L. COX and RENEE M. COX, | No. 13-15225 |
| Plaintiffs - Appellees, | D.C. No. 3:11-cv-00454-RCJ-WGC |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 6, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Plaintiffs-Appellees Larry and Renee Cox defaulted on a rural housing loan

granted by Defendant-Appellee U.S. Department of Agriculture ("USDA"). When

USDA initiated foreclosure proceedings, the Coxes elected to participate in

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nevada's Foreclosure Mediation Program. The mediator found that USDA did not participate in mediation in good faith, chiefly because USDA regulations prevented the agency from entertaining the loan modifications that the Coxes requested. The Coxes petitioned in state court for an order modifying their loan.

USDA removed the petition to the District of Nevada under 28 U.S.C. § 1442(a)(1) and moved to dismiss pursuant to sovereign immunity and other doctrines. The district court held that it lacked subject matter jurisdiction and remanded to state court. USDA now appeals, arguing that remand was improper because USDA enjoys sovereign immunity from suit in Nevada state courts. We have jurisdiction under 28 U.S.C. § 1291, and reverse the district court's order remanding the petition to state court.

Because the record contains no evidence that USDA waived its sovereign immunity to the Coxes' petition, the Nevada state court lacked jurisdiction over the action. *See Neb. ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 679–80 (9th Cir. 1998). Accordingly, under the derivative jurisdiction doctrine, the district court also lacks jurisdiction over the petition on removal. *See In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). The district court therefore was bound to dismiss the petition rather than remand to state court. *See id.*

Because we conclude that the district court erred in failing to dismiss the

petition for lack of jurisdiction, we do not reach the other issues raised on appeal.

The district court's remand order is **REVERSED** and the action **REMANDED** with instructions that the district court dismiss the Coxes' petition for lack of jurisdiction.