NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM F. HORNE,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>INTERNAL REVENUE SERVICE,<br><br>　　　　　Defendant-Appellee. | No. 14-17183<br><br>D.C. No. 3:14-cv-00214-MMD-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted November 16, 2016[**]

Before:　　LEAVY, BERZON, and MURGUIA, Circuit Judges.

　　William F. Horne appeals pro se from the district court's order dismissing his action against the Internal Revenue Service ("IRS") arising from the assessment of penalties and a tax lien. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*State of Neb. ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 678-79 (9th Cir. 1998). We affirm.

The district court properly dismissed Horne's action for lack of subject matter jurisdiction because Horne failed to allege facts sufficient to show that he complied with the prerequisites to challenging a penalty assessed under 26 U.S.C. § 6700. *See* 26 U.S.C. § 6703(c)(1), (2) (prerequisites to challenging a § 6700 penalty); *Korobkin v. United States*, 988 F.2d 975, 976 (9th Cir. 1993) (method by which a taxpayer may challenge a §6700 penalty); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985) (with one exception, the district court has no jurisdiction over suits for a refund of penalty amounts paid until the taxpayer has paid the full amount of the contested penalty assessment).

The district court properly denied as moot Horne's motion to remand. *See Bentson*, 146 F.3d at 678-79 (a district court's decision to remand a removed case is reviewed de novo and once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims).

All pending motions are denied.

**AFFIRMED.**