Filed 2/27/24  Vargas v. Freeman CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MANUEL VARGAS,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>CARLOS FREEMAN, et al.,<br><br>　　　Defendants and Respondents. | A168941<br><br>(Contra Costa County<br>　Super. Ct. No. MSC21-01538) |

Manuel Vargas appeals the dismissal of his action against several defendants for the assertedly unlawful towing of his car in the city of Hercules.  The city and two of its employees (collectively City defendants) removed the action to federal court.  (28 U.S.C. § 1446.)  The federal court dismissed all claims against the City defendants, including Elmer Najarro, with prejudice.  It later remanded the case, comprised of only state law claims against the remaining defendants, back to the superior court.

Vargas then sought leave in the superior court to file an amended complaint against several defendants, including Najarro.  The record on appeal does not include a transcript of the hearing on the motion for leave to amend or the operative complaint Vargas sought leave to amend.  The record does include superior court orders for Vargas to submit a proposed amended complaint omitting Najarro as a defendant, along with the requisite declaration pursuant to California Rules of Court, rule 3.1324.  After Vargas

repeatedly failed to submit a proposed amended complaint (omitting Najarro), the superior court dismissed his action.

On appeal, Vargas challenges only the court's ruling that the federal court's order barred him from amending his complaint to add Najarro back into the case by asserting claims against him on remand. As he demonstrates no error in that ruling, we affirm.[1]

FACTUAL AND PROCEDURAL BACKGROUND

*Initial Filing, Removal, and Proceedings in Federal Court*

In 2021, Vargas filed his initial complaint in Contra Costa County Superior Court against Najarro and the other City defendants, Freeman's Towing and related persons (the Freeman defendants), and others. The complaint included causes of action under federal law that rested on a claim that the City defendants lacked authority to enforce the California Vehicle Code. The action was removed to federal court, specifically the Northern District of California.

The federal court dismissed the action against the City defendants with prejudice, concluding they did indeed have authority to enforce the Vehicle Code. Vargas asked the court to reconsider the dismissal, requesting leave to amend to assert claims on a new theory of liability. On January 13, 2022, the

---

[1]     Vargas's notice of appeal states that he appeals from "the final judgment in this action and from the orders of [the trial] court entered August 17, 2023, and September 21, 2023, . . . not allowing Plaintiff to name Elmer Najarro as a Defendant in his Amended Complaint, and dismissing the case with prejudice since Plaintiff did not remove Elmer Najarro from the amended complaint." The August 17 order is not independently appealable, so we construe his appeal as from the September 21 order dismissing the action with prejudice. (See Code Civ. Proc., § 581d.)

No respondent has filed a brief on appeal, so we decide this appeal based on Vargas's opening brief and appendix.

2

federal court ordered as follows: "The City Defendants who the Court previously dismissed with prejudice remain dismissed with prejudice."[2] The court gave Vargas leave to file an amended complaint "against the Freeman defendants only." Vargas evidently complied, filing an amended complaint described by those defendants as asserting only state law claims. In March 2022, the federal court remanded the case to the superior court.

### Superior Court Proceedings on Remand

After a lengthy delay, Vargas filed a motion in the superior court for leave to further amend the operative complaint in effect after the case was remanded from the federal court to the superior court. Vargas has included neither that complaint nor any other complaint filed in this action in the record on appeal. The motion was set for hearing in August 2023.

Vargas' proposed amended complaint, entitled "Second Amended Complaint" asserted causes of action against the Freeman defendants and against Najarro. The record on appeal does not reflect any response by Najarro to the motion to amend. The Freeman defendants opposed the motion, arguing the proposed complaint was barred by claim preclusion,[3] and that Vargas ignored the fact the federal court had dismissed Najarro with prejudice. They also argued that, while Vargas's motion stated that the proposed amended complaint only added Najarro as a defendant and reduced the number of causes of action, it in fact substantively modified the causes of

---

[2] We take judicial notice, as did the superior court, of the federal court order issued January 13, 2022. (See Evid. Code, § 459, subd. (a)(1) [reviewing court must notice matter noticed by trial court].)

[3] The Freeman defendants and Vargas have argued this issue using the term "res judicata." Our Supreme Court has directed courts to refer to the doctrine as "claim preclusion," to avoid confusion caused by loose, overbroad past use of the term "res judicata." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823–825.)

action in ways contravening the federal district court's orders—adding Najarro back to the action, asserting claims based on federal law that would trigger a renewed removal to federal court, and realleging causes of action already determined against him.

The superior court ruled that Vargas had violated the January 2022 federal order, noting that it "establishes the conclusion of this case as it pertains to . . . Najarro." The court stated, "[o]n the condition that this defendant is removed, the Court will allow amendment," subject to further litigation as to the merits of the claims made against the remaining defendants. The court continued the hearing and directed Vargas to file a modified proposed amended complaint omitting all allegations against Najarro.

Vargas did not do so. Instead, he filed a late reply brief in support of his motion arguing that claim preclusion did not bar him from naming Najarro. The superior court rejected Vargas's approach, stating, "plaintiff argues [claim preclusion] does not apply here. He fails to discuss why the federal court's order does not establish the law of the case and prohibit him from adding defendants back in who were dismissed 'with prejudice.' " The court again continued the hearing to gave Vargas time to submit a proposed amended complaint omitting claims against Najarro. Vargas again did not do so, the court dismissed this action with prejudice, and Vargas appealed. His appeal challenges only the propriety of the court's ruling that he could not add Najarro back to the action as a defendant.

## DISCUSSION

### I.     Applicable Law

Code of Civil Procedure section 473, subdivision (a)(1) provides for the opportunity to amend a complaint. California Rules of Court, rule 3.1324

4

requires that a motion to amend be accompanied by a copy of the proposed pleading and a declaration in support of the motion.

"[T]he trial court has wide discretion in allowing the amendment of any pleading [citations], [and] as a matter of policy the ruling of the trial court in such matters will be upheld unless a manifest or gross abuse of discretion is shown. [Citations.]" (*Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 746.)

To show an abuse of discretion, an appellant must provide both (1) an adequate record and (2) reasoned legal argument supported by citations to that record and to pertinent authority. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 598–599 [adequate record]; *In re Phoenix H.* (2009) 47 Cal.4th 835, 845 [argument].) Here, Vargas has done neither.

## II. Analysis

Vargas challenges the trial court's refusal to allow him to bring Najarro back into the action yet has elected to proceed on appeal without providing several key documents, including the complaint that was operative at the time the federal court remanded the action to the trial court. For this reason alone, his appeal cannot succeed. (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644 ["Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm"], disagreed with on other ground in *Krechuniak v. Noorzoy* (2017) 11 Cal.App.5th 713, 723, fn. 8.)

Vargas also has not provided a record of oral proceedings in the trial court, including the hearings on his motion for leave to amend. (Cal. Rules of Court, rule 8.121(c); (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 [finding that a self-represented appellant is not exempt from the rules governing appeals, including the requirement that "[a] proper record includes

5

a reporter's transcript or a settled statement of any hearing leading to the order being challenged on appeal"].) Without an adequate record of what occurred at the hearing, we cannot determine the trial court abused its discretion. (*Elena S.*, at pp. 574–575; *Jameson, supra,* 5 Cal.4th at p. 609 [" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]' "].)

Further, Vargas's opening appellate brief does not even mention, let alone address, the stated basis of the court's ruling for why Najarro could not be brought back into the action, which was the law of the case doctrine.[4] The court observed that Vargas had argued claim preclusion but, instead of reaching those arguments, focused on Vargas's failure "to discuss why the federal court's order does not establish the law of the case and prohibit him from adding defendants back in who were dismissed 'with prejudice.' " On that basis, the court continued the hearing and directed Vargas to submit a supplemental declaration with an attached proposed amended complaint "omitting all allegations against . . . Najarro, who was previously dismissed with prejudice in the Federal District Court." The court then ruled that, because Vargas had failed to omit allegations against Najarro, "The court dismisses the matter with prejudice."

Vargas has therefore forfeited any claim that the court erred in its ruling. " ' "Issues do not have a life of their own: if they are not raised . . . we consider [them] [forfeited]." ' " (*Estate of Jones* (2022) 82 Cal.App.5th 948,

---

[4]     We note that Vargas also argued the trial court erred because, at the outset of its discussion of leave to amend, it quoted decisions holding that a court can deny such leave on the eve of trial when a last-minute change may cause prejudice. But after quoting such decisions, the court acknowledged "there is no trial scheduled" here and based its ruling on other grounds; the challenged comments were mere background.

955, fn. 1. " 'It is not our place to construct theories or arguments to undermine the judgment . . . . When an appellant fails to raise a point, . . . we treat the point as [forfeited].' " (*Perez v. Kaiser Foundation Health Plan, Inc.* (2023) 91 Cal.App.5th 645, 652.)

While not relied on by the trial court, on appeal Vargas continues to aver that claim preclusion did not bar his proposed claims against Najarro.[5] He argues claim preclusion solely as to his claim against Najarro and not as to any claims involving the Freeman defendants.

"The doctrine of claim preclusion instructs that a final judgment on the merits 'foreclos[es] successive litigation of the very same claim.' " (*Bravo-Fernandez v. United States* (2016) 580 U.S. 5, 9; *Guerrero v. Department of Corrections & Rehabilitation, supra,* 28 Cal.App.5th at p. 1101 [to determine the preclusive effect of a judgment issued by a federal court, we apply federal preclusion law].) Here, and contrary to Vargas's claims, the dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) is a ruling on the merits for purposes of claim preclusion. (*Franceschi v. Franchise Tax Bd.* (2016) 1 Cal.App.5th 247, 259, citing *Federated Department Stores, Inc. v.*

---

[5] The federal version of claim preclusion, applicable here, bars relitigation of claims between the same parties arising from a common nucleus of operative facts. (*Guerrero v. Department of Corrections & Rehabilitation* (2018) 28 Cal.App.5th 1091, 1099 & fn.3, 1101.) It precludes litigation in a second action of claims the plaintiff brought *or could have brought* in a prior one. (*Id.* at p. 1098.) The law of the case doctrine bars a court from re-examining specific legal issues decided earlier in the same case. (*Aghaian v. Minassian* (2021) 64 Cal.App.5th 603, 612.) In California courts, the doctrine applies to prior appellate court rulings; in federal court, it applies to prior trial or appellate court rulings. (*Ibid.*; 18B Wright et al., Federal Practice and Procedure (3d ed. 2019) Jurisdiction, § 4478.1, pp. 659–663; § 4478.3, pp. 698–703.)

*Moitie* (1981) 452 U.S. 394, 399, fn. 3.)  Also contrary to Vargas's claims, the dismissal of Najarro with prejudice was a final judgment, as it was appealable and the time to appeal had run.  (*New Haven Inclusion Cases* (1970) 399 U.S. 392, 480; *see State of Neb. Ex rel. Dept. of Social Services v. Bentson* (9th Cir. 1998) 146 F.3d 676, 678 [order dismissing federal defendant, which preceded remand of state law claims to state court, was appealable].)

Vargas also contends his proposed amended complaint falls within an exception to claim preclusion for a prior action seeking declaratory relief.  But that exception applies when " 'the prior action involved *only* a request for declaratory relief' " (*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.* (2d Cir. 2010) 600 F.3d 190, 196), and Vargas has not provided any of the complaints in this case (*Gee v. American Realty & Constr., Inc.* (2002) 99 Cal.App.4th 1412, 1416 [" 'if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' "]).

In conclusion, based on the very limited record before us, we cannot conclude Vargas has demonstrated any error or basis for relief on his sole claim on appeal, which is that the trial court erred in ruling that the federal court's order dismissing his causes of action against Najarro with prejudice barred Vargas, on remand, from amending his complaint to reassert causes of action against Najarro.

## DISPOSITION

The order dismissing this action with prejudice is affirmed.  Because no respondent's brief was filed, no costs are awarded.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Rodríguez, J.


A168941/*Vargas v. Freeman et al.*

9