Walter Horace **BARRENTINE, Jr.,** Appellant,

v.

**UNITED STATES of America, Appellee.**

No. 25861.

United States Court of Appeals, Ninth Circuit.

Nov. 23, 1970.

---

of the trunk was not reasonably incident to appellant's arrest. The search was not of a vehicle subject to forfeiture proceedings. There were no exigent circumstances conceivably justifying the trunk search. Accordingly, the search was illegal. (Chambers v. Maroney (1970) 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419; Dyke v. Taylor Implement Mfg. Co. (1968) 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538; Preston v. United States (1964) 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.)

The judgment is reversed with directions to dismiss the indictment.

KILKENNY, Circuit Judge (dissenting):

I believe the search was proper for two reasons: (1) The search was an incident to the arrest. Here, as distinguished from Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), the search of the vehicle was made at the place of arrest and in the presence of the appellant. The officers had a right to search for dangerous weapons which might be utilized by appellant and for evidence of the commission of the crime, such as intoxicating liquor. The stipulation of facts makes it clear that appellant was under the influence of intoxicating liquor. (2) Beyond question, the intoxicated condition of the appellant presented the officers with probable cause to believe that intoxicating liquor might be in the automobile. The fact that search revealed an illegal shotgun, rather than a half consumed bottle of liquor, is of no consequence. I quote Justice White in Chambers v. Maroney, 399 U.S. 42, 52, 90 S. Ct. 1975, 1981, 26 L.Ed.2d 419 (1970)

"For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

Douglas R. Pike and William A. Krajec, Las Vegas, Nev., for appellant.

Bart M. Schouweiler, U. S. Atty., James A. Hancock, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before BROWNING, HUFSTEDLER, and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was convicted upon three counts of an indictment charging him with violation of federal gun control laws. (26 U.S.C. §§ 5822, 5841(c) or (d), 5842(a), 5861(c) (d) (i).) The critical item of evidence was a sawed-off shotgun. The shotgun was found in the trunk of appellant's automobile, when state police officers, without a warrant, searched the car after appellant had been taken into custody on a drunk driving charge and after the officers had called for a tow truck to impound the automobile. Appellant's motion to suppress the shotgun as the product of illegal search was denied.

The officers had no probable cause to believe that evidence of the offense for which appellant was arrested had been concealed in the automobile. There was no probable cause to believe that the vehicle contained contraband. The search

638

"On the facts before us, the blue station wagon *could have been searched on the spot* when it was stopped since there was probable cause to search and it was a fleeting target for a search. * * *" (emphasis supplied).

The factual background before us presents a much stronger case for a search than was present in *Maroney.*

I would affirm.