INLAND VALLEY DEVELOPMENT AGENCY, a Joint Powers Authority established under the laws of the State of California, Plaintiff—Appellee,

v.

Vibhakerbhai B. PATEL; Vimalaben V. Patel, Trustees of the V & V Patel Family Trust dated 10/1/93, et. al., Defendants—Appellants.

No. 03–55308.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided Nov. 4, 2004.

Robert T. Andersen, Jr., Scott R. Heil, Redwine & Sherrill Law Offices, Riverside, CA, for Plaintiff–Appellee.

Mirau & Friends, Redlands, CA, Frank A. Weiser, Esq., Los Angeles, CA, for Defendants–Appellants.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Appellants Vibhakerbhai B. Patel, Vimalaben V. Patel, Praful B. Patel, Niruben P. Patel, and Vijay B. Patel appeal the district court's order sua sponte remanding to state court an eminent domain action brought by Appellee Inland Valley Development Agency. The Patels removed the action to federal court pursuant to 28 U.S.C. § 1443; therefore, we have jurisdiction pursuant to 28 U.S.C. § 1447(d). We review de novo, *Nebraska ex rel. Dep't of Soc. Servs. v. Bentson,* 146 F.3d 676, 678 (9th Cir.1998), and we affirm.

Section 1443 provides an avenue for removal of a case commenced in state court against any person who is denied or cannot enforce in state court a right under any law providing for equal civil rights. A successful petition for removal brought pursuant to section 1443 must satisfy two criteria. First, petitioners must assert rights allegedly denied them that arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (*citing Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)). Second, petitioners must assert that the state courts will not enforce that right, and support that allegation by reference to a state statute or a constitutional provision

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

that purports to command the state courts to ignore the federal rights. *California v. Sandoval,* 434 F.2d 635, 636 (9th Cir.1970) (per curiam) (*citing Rachel,* 384 U.S. at 788–92, 86 S.Ct. 1783 and *Greenwood v. Peacock,* 384 U.S. 808, 824–27, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966)). "Bad experiences with the particular court in question will not suffice." *Id.* (*citing Rachel,* 384 U.S. at 794–804, 86 S.Ct. 1783 and *Greenwood,* 384 U.S. at 827–28, 86 S.Ct. 1800).

The second prong of *Rachel* and *Greenwood* proves fatal for the Patels. Generally, the denial of a petitioner's equal civil rights must be "manifest in a formal expression of state law." *Rachel,* 384 U.S. at 803, 86 S.Ct. 1783. However, the Supreme Court carved out a narrow exception recognizing that in limited instances facially neutral state laws can conflict with federal statutes protecting equal racial civil rights. *Id.* at 804–05, 86 S.Ct. 1783. The Patels have neither alleged that any state law would on its face deny them the ability to enforce their equal rights in state court nor that a state law or constitutional provision commands the state of California to ignore their federal rights. The Patels also fail to "point to any enactment of California state law that supports the inference that what rights they have will not be heard fully and fairly in the courts of that state." *Sandoval,* 434 F.2d 636. Finally, there is no assertion that the California appellate courts are incapable of correcting errors, if any, made by the trial court in this case. *See Johnson,* 421 U.S. at 219, 95 S.Ct. 1591 ("This [prong] normally requires that the 'denial be manifest in a formal expression of state law' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" (*citing Rachel,* 384 U.S. at 799 & 803, 86 S.Ct. 1783)).

The Patels' primary complaint stems from a disagreement with the superior court over the interpretation of California Code of Civil Procedure § 1255.410(a), and whether notice and an opportunity to be heard must be given only to the lessors of the property in question or whether the lessees of the subject property additionally have that right. As the Supreme Court has made clear, charges "that the defendant is unable to obtain a fair trial in a particular state court" are insufficient to support removal pursuant to section 1443(1). *See Greenwood,* 384 U.S. at 827, 86 S.Ct. 1800. The allegations set forth in the Notice of Removal by the Patels fail to satisfy the requirements for removal under section 1443(1). The remand to state court was proper.

AFFIRMED.