360 F.3d 989
 SPECIAL INVESTMENTS INC., a California Corporation; Paul Abramowitz, an individual, Plaintiffs-Appellants,
v.
AERO AIR INC., a Limited Liability Company; Honeywell Inc., a Corporation; Homer J. Shiroma, an individual; GE Engine Services — Corporate Aviation Inc., a Corporation; General Electric Company, a Corporation; Garrett Aviation Services, a Corporation, Defendants, and
Twin Commander Aircraft Corporation, a Corporation, Defendant-Appellee.
 No. 02-55788.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 3, 2003 — Pasadena, California.
 Filed March 2, 2004.
 
 COPYRIGHT MATERIAL OMITTED Evan D. Marshall, The Law Offices of Ian Herzog, Santa Monica, California, for the plaintiffs-appellants.
 Garrett L. Hanken, Greenberg, Glusker, Fields, Claman, Machtinger & Kinsella, Los Angeles, California, for the defendant-appellee.
 Appeal from the United States District Court for the Central District of California; Ronald S.W. Lew, District Judge, Presiding, D.C. No. CV-02-01809-RSWL.
 Before: Harry PREGERSON, F. FERNANDEZ, and MARSHA S. BERZON, Circuit Judges.
 Opinion by Judge Berzon; Concurrence by Judge Fernandez
 OPINION
 BERZON, Circuit Judge.
 
 
 1
 This case concerns a procedural tangle that arose when a district court considered sequentially two varieties of jurisdictional issues. Special Investments, Inc., and Paul Abramowitz (collectively "Special Investments") brought this action against Twin Commander Aircraft Corporation and others in the Superior Court of the State of California for the County of Los Angeles. The defendants, including Twin Commander, removed the case to the district court, which ultimately determined that it did not have subject matter jurisdiction and remanded. Before the remand, however, the district court decided that there was no personal jurisdiction over Twin Commander and dismissed Twin Commander from the case. Special Investments filed this appeal from that decision, while the rest of the case has long been out of federal court. We construe the appeal as a petition for a writ of mandamus, grant the writ, and direct the district court to vacate its personal jurisdiction order.
 
 BACKGROUND
 
 2
 Special Investments owns a North American Rockwell Aero Commander Aircraft. In December 1999, Special Investments entered into an agreement to have a "Dash Ten T" engine conversion performed on the aircraft, which was supposed to yield "increased aircraft performance, increased engine efficiency, better operating economics, more flexible maintenance programs, increased reliability and safety, and a higher retail value." In addition, Special Investments was promised that it would be compensated for downtime during the conversion. Special Investments claims that the conversion did not live up to expectations and that there was no compensation for downtime.
 
 
 3
 On February 1, 2002, Special Investments filed suit in the Superior Court of the State of California for the County of Los Angeles against Twin Commander, the aircraft manufacturer and wholesaler of the Dash Ten T conversion kit; Aero Air, Inc., the retailer of the engine conversion; Honeywell, Inc., the engine type certificate holder; Homer J. Shiroma, a Los Angeles field service engineer for Honeywell; GE Engine Services — Corporate Aviation, Inc., d/b/a Garrett Aviation Services, the service facility that performed the engine conversion; and General Electric Co., the parent company of Garrett. The complaint sought damages for breach of contract, misrepresentation and concealment, punitive damages, attorney's fees, prejudgment interest, and court costs. The case was removed to the district court on March 4, 2002, on the basis that each of the defendants except Mr. Shiroma was of diverse citizenship from Special Investments and Mr. Shiroma had been fraudulently joined in order to defeat the exercise of federal diversity jurisdiction over the case.
 
 
 4
 On March 11, 2002, Twin Commander filed a motion to dismiss on the basis that it was not subject to the personal jurisdiction of the courts in California. Hearing on that motion was set for April 1, 2002. Then, on March 25, 2002, Special Investments filed a motion to remand the action to state court, asserting that the joinder of Mr. Shiroma was not fraudulent because the complaint stated causes of action against him under California law. Other than the mere filing of the jurisdictional motion, no steps were taken to alert the district court that the motion to remand for lack of subject matter jurisdiction was pending. The district court went forward with the hearing on the personal jurisdiction motion and granted it on April 1, 2002.
 
 
 5
 With the case still pending against all the other parties, Special Investments filed its notice of appeal from the dismissal order on May 2, 2002. On June 13, 2002, the district court determined that: Mr. Shiroma had not been fraudulently joined; because there was no diversity of citizenship, the district court lacked subject matter jurisdiction; the case had therefore been improperly removed; and the court therefore would not decide a motion by another defendant to dismiss for want of personal jurisdiction. The district court remanded the case to state court without vacating its earlier order dismissing Twin Commander.
 
 STANDARD OF REVIEW
 
 6
 We, of course, have jurisdiction to determine our own jurisdiction. See United States v. Ruiz, 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). When we do so, we consider the jurisdictional issue de novo, and even raise it sua sponte when it is not raised by the parties. See WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc).
 
 JURISDICTION
 
 7
 At the outset, we must decide whether we have jurisdiction to resolve the merits of the personal jurisdiction decision of the district court. Because this case presents no final, appealable order, we hold that we do not have jurisdiction to review the district court's dismissal of Twin Commander as a direct appeal.
 
 
 8
 Under 28 U.S.C. § 1291, this court has "jurisdiction of appeals from all final decisions of the district courts." An order dismissing one party for lack of personal jurisdiction while allowing suit to continue against the remaining defendants is not a final, appealable order, absent an "express determination that there is no just reason for delay and ... an express direction for the entry of judgment." Fed.R.Civ.P. 54(b); 28 U.S.C. § 1291. No such express Rule 54(b) entry of judgment in favor of Twin Commander occurred here. We therefore lack jurisdiction to review the district court's order on direct appeal.[1]
 
 
 9
 The district court's subsequent order remanding the entire case to state court does not convert an unappealable, non-final order into an appealable one. This Court has held that a prematurely filed notice of appeal can be cured if the rest of the claims are disposed of in a subsequent final decision terminating the litigation. Anderson v. Allstate Ins. Co., 630 F.2d 677, 681 (9th Cir.1980). Here, however, unlike in Anderson, the dispositive final order was not an appealable final judgment or other appealable order (such as a collateral order treated as final under the rule of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). Rather, the only order subsequent to the order dismissing Twin Commander was the district court's order remanding the entire case to state court. Because an order remanding a suit because of lack of subject matter jurisdiction is not itself a final, appealable order, 28 U.S.C. § 1447(d), it cannot cure appellant's premature notice of appeal. Adding a later unappealable order to an earlier unappealable order does not by some alchemy result in a final judgment or other appealable order.
 
 WRIT OF MANDAMUS
 
 10
 Although the appellant has not filed a petition for a writ of mandamus, "a notice of appeal from an otherwise nonappealable order can be considered as a mandamus petition, an extraordinary remedy that may be obtained only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Cordoza v. Pac. States Steel Corp., 320 F.3d 989, 998 (9th Cir.2003) (internal quotations omitted). See also Miller v. Gammie, 335 F.3d 889, 895 (9th Cir.2003) (en banc) (treating a notice of appeal as a petition for a writ of mandamus where district court order was not appealable); 28 U.S.C. § 1651(a) (2000) ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). In considering an appeal as a mandamus petition, we review the district court's actions for clear error. Cordoza, 320 F.3d at 998. "To issue the writ, the court must be firmly convinced that the district court has erred, and that the petitioner's right to the writ is clear and indisputable." Executive Software North America, Inc. v. United States District Court, 24 F.3d 1545, 1551 (9th Cir.1994) (citations and internal quotations omitted).
 
 
 11
 This Court is guided by five objective principles when determining whether to grant a mandamus petition:
 
 
 12
 (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.
 
 
 13
 Bauman v. United States District Court, 557 F.2d 650, 654-55 (9th Cir.1977) (citations omitted). We need not find that a petition satisfies all five factors at once. Executive Software, 24 F.3d at 1551. In fact, "rarely if ever will a case arise where all the guidelines point in the same direction or even where each guideline is relevant or applicable." Bauman, 557 F.2d at 655. While the guidelines should inform a court's decision whether to grant a mandamus petition, they "are not meant to supplant reasoned and independent analysis by appellate courts." United States v. Harper, 729 F.2d 1216, 1222 (9th Cir.1984) (citing In re Cement Antitrust Litigation, 688 F.2d 1297, 1301 (9th Cir. 1982)).
 
 
 14
 In the case at hand, four of the five Bauman factors point in favor of granting the mandamus petition, while the remaining factor does not.
 
 
 15
 First, as described above, the parties have no adequate alternate remedy, such as direct appeal, to attain relief, i.e., to reverse or vacate the district court's order dismissing Twin Commander. The lack of a final, appealable order makes it impossible for us to review the order of dismissal on direct appeal.
 
 
 16
 Second, there is Supreme Court precedent suggesting that an order of a court that lacked subject matter jurisdiction over a case to begin with could, nonetheless, have an issue preclusive effect. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584-85, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("If a federal court dismisses a removed case for want of personal jurisdiction, that determination may preclude the parties from relitigating the very same personal jurisdiction issue in state court."). If the state court should abide by the district court's dismissal, Special Investments' only recourse to federal court for error regarding the dismissal of Twin Commander would be through a petition for certiorari to the United States Supreme Court, a tactic unlikely to succeed even if Twin Commander's dismissal was erroneous.
 
 
 17
 Third, the district court erred in failing to vacate its order dismissing one defendant of many on personal jurisdiction grounds once it determined that it lacked subject matter jurisdiction. In Ruhrgas, the Supreme Court held that, in certain circumstances, a district court will not abuse its discretion by dismissing a case on personal jurisdiction grounds before determining whether it has subject matter jurisdiction over the case. 526 U.S. at 584, 119 S.Ct. 1563. In Ruhrgas, however, as opposed to the case at hand, the determination that the court did not have personal jurisdiction over the defendant resulted directly in dismissal of the case. This determination ended the district court's involvement in the litigation entirely and left the plaintiffs with an appealable final order, enabling them to pursue on appeal their contention that the dismissal for lack of personal jurisdiction was improper. In the present case, the determination that the district court did not have personal jurisdiction over Twin Commander did not result in terminating the litigation but instead left numerous defendants involved in the suit, with the results that: (1) the subject matter jurisdiction issue had to be addressed anyway; and (2) when it was addressed, the court decided that it lacked jurisdiction. Thus, in Ruhrgas, deciding the case on the basis of personal jurisdiction rather than on the basis of subject matter jurisdiction did not prejudice either of the parties, whereas in this case, the partial determination of personal jurisdiction and subsequent failure to vacate that determination did prejudice Special Investments, for reasons already explained.
 
 
 18
 In the district court's order that remanded the suit to state court, the district court declined to rule on a motion to dismiss for lack of personal jurisdiction by another defendant "because th[e] Court lacked jurisdiction to so rule." Neither the dismissal of Twin Commander itself nor any other occurrence between that dismissal and the remand divested the court of its jurisdiction. Rather, the court, on its own view of the case, did not have jurisdiction at all in the first place. There is no conceivable basis, once it was determined that the case should be remanded for lack of subject matter jurisdiction, for leaving in place the earlier dismissal while declining to rule on the pending motion to dismiss for lack of personal jurisdiction. In short, the district court should have vacated its prior order dismissing Twin Commander.
 
 
 19
 Fourth, although this case does not involve an oft-repeated error, it does pose a novel one, and one that created a significant problem for the judicial administration of this particular case.
 
 
 20
 For this reason, and because the first three Bauman factors are also fulfilled, we treat this appeal as a petition for writ of mandamus and grant the petition, directing the district court to vacate its order dismissing Twin Commander.
 
 
 21
 WRIT GRANTED.
 
 
 
 Notes:
 
 
 [1]
 The district court in this case did not indicate in its order dismissing Twin Commander that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Therefore, this case does not present a reviewable interlocutory order either
 
 
 FERNANDEZ, Circuit Judge, concurring:
 
 22
 I concur in the result, but for different reasons. Those reasons avoid undermining our jurisprudence regarding the curing of premature appeals, do not declare that the district court erred in not doing what no party asked it to do,[1] and do not unnecessarily convert a direct appeal into a petition for mandamus. I hasten to add, however, that I do not suggest that the majority opinion is implausible; I just think that it is mistaken.
 
 
 23
 We do have jurisdiction to hear an appeal from a final judgment. See 28 U.S.C. § 1291. However, at the time that Special Investments filed its notice of appeal there was no final judgment in this case because numerous entities were still parties to the proceeding in the district court, and that court did not direct the entry of a final judgment. See Fed.R.Civ.P. 54(b). Nor did the district court certify issues. See 28 U.S.C. § 1292(b).
 
 
 24
 Nevertheless, we have often held that the progress of events can cure a premature appeal because "orders adjudicating only some of the claims may be treated as final orders if the remaining claims have subsequently been finalized." Anderson v. Allstate Ins. Co., 630 F.2d 677, 680 (9th Cir.1980); see also Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir.1997); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1402 (9th Cir.1988). "There is no danger of piecemeal appeal confronting us if we find jurisdiction here, for nothing else remains in the federal courts." Anderson, 630 F.2d at 681.
 
 
 25
 However, this case does present a unique situation because the order that came later actually determined that the district court had no subject matter jurisdiction in the first place.[2] In other words, we are presented with a peculiar, even bizarre, situation where we are asked to review the district court's dismissal of a party from an action over which the district court lacked subject matter jurisdiction.[3] If that seems paradoxical, it is a koan that need not delay us long. Rather, both comity and concinnity direct us to put matters aright and assure that the various parts of the case will come back together where they should have remained in the first place. That being so, I would vacate the district court's determination on personal jurisdiction. See Toumajian v. Frailey, 135 F.3d 648, 658 (9th Cir.1998) (where district court lacked subject matter jurisdiction, but had not remanded to state court, we ordered remand, and declared that "all orders entered by the district court are necessarily VACATED.");[4] see also Termine v. William S. Hart Union High Sch. Dist., 354 F.3d 1004, 2004 WL 42242 (9th Cir. Jan. 9, 2004) (mem.) ("For prudential reasons, we direct that the district court vacate its opinion....").
 
 
 26
 The law and the procedures followed in this case put it in a most unusual posture. The district court decided that the federal courts have no subject matter jurisdiction over the case, and that decision is final. Yet, a personal jurisdiction issue was decided and that issue is now before us.
 
 
 27
 As I see it, only pertinacity would drive us to decide the personal jurisdiction issue when the essence of this case meant that it always belonged in the state, not federal, courts. In the final analysis, the district court's decision should have no effect on this litigation in the state courts, and I would, therefore, vacate it to assure that it will not haunt the ongoing proceedings.[5]
 
 
 28
 Thus, I respectfully concur, rather than simply join, in the majority opinion.
 
 
 
 Notes:
 
 
 [1]
 In fact no party even called the problem we face in this case to the attention of the district court
 
 
 [2]
 At least it so decided, and that decision is unreviewableSee 28 U.S.C. § 1447(d); Abada v. Charles Schwab & Co., Inc., 300 F.3d 1112, 1116-19 (9th Cir.2002). This differs from the situation where there was jurisdiction at the time of removal, but dismissal of a party due to, for example, lack of jurisdiction over that party resulted in a remand. See, e.g., Nebraska ex rel. Dep't of Soc. Servs. v. Bentson, 146 F.3d 676, 678-79 (9th Cir.1998); Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986).
 
 
 [3]
 Of course, a district court can decide an issue of personal jurisdiction before it decides an issue of subject matter jurisdiction, or, at least, may do so where that will dispose of the caseSee Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88, 119 S.Ct. 1563, 1572, 143 L.Ed.2d 760 (1999). However, the personal jurisdiction decision here did not dispose of the case, and the district court still had to decide the subject matter jurisdiction issue. Thus, even if the district court did properly decide to hear the personal jurisdiction issue first, we would have to consider what should be done when it later decided that there was no subject matter jurisdiction at the start.
 
 
 [4]
 I note that it could be argued that the issue is moot. Certainly nothing we decide here could affect the progress of the case in the federal courts from which it has been ejected. Moreover there is reason to believe that the California state courts would not give effect to an order of a court that, by its own admission, lacked subject matter jurisdiction over the case to start withSee United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 250 (9th Cir.1992), and cases cited; cf. Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co., 257 F.3d 1071, 1076 (9th Cir.2001) (where court lacks jurisdiction, its judgment is ineffective.)
 
 
 [5]
 Because the district court has already remanded the action to the state courts, no further action is required at this time by it or by us