**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSEPH F. NASCIMENTO,
            *Plaintiff-Appellant,*

v.

KATHERINE DUMMER; ROBYN
WEBER,
            *Defendants-Appellees.*

No. 06-35062

D.C. No.
CV-04-00028-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
September 25, 2007—Seattle, Washington

Filed November 21, 2007

Before: Betty B. Fletcher, Andrew J. Kleinfeld, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

15113

## COUNSEL

Kevin E. Vainio, Esq., Attorney at Law, Butte, Montana, for appellant Joseph F. Nascimento.

Robyn L. Weber, Weber Law Firm, PLLC, Helena, Montana, pro se.

_____

## OPINION

GOULD, Circuit Judge:

This appeal requires us to consider issues relating to the district court's jurisdiction during the pendency of interlocutory appeals and whether a sanction of dismissal was error. Joseph Nascimento ("Nascimento") raises three issues in this appeal: (1) whether the Montana district court had jurisdiction to set a discovery schedule before the mandate had issued on Nascimento's appeal of a Nevada district court order transferring the case to Montana; (2) whether the Montana district court abused its discretion in denying Nascimento's motion to extend the discovery deadline; and (3) whether the Montana district court erred in dismissing, or even had jurisdiction to dismiss, Nascimento's suit without prejudice as a sanction for his and his attorney's failure to appear at a scheduled pretrial conference.

## I

Nascimento filed a complaint in federal district court in Nevada in July of 2003 asserting various claims against, among other defendants, his ex-wife and the attorney who had represented her in a custody dispute that was resolved several years before this action. Nascimento alleged that improprieties took place in connection with the custody dispute. In June of 2004, the Nevada district court dismissed his claims against most of the named defendants for lack of personal jurisdiction but permitted the suit to continue against the ex-wife and former lawyer.[1] With respect to these remaining defendants, the

_____

[1]The Nevada district court order that was entered in June of 2004 and from which Nascimento appealed was actually an order denying his

Nevada court exercised its authority under 28 U.S.C. § 1406 to transfer the case to the District of Montana, where both defendants resided and where most of the events underlying Nascimento's claims had taken place. Nascimento appealed the district court's refusal to reconsider both the dismissal of the defendants and the transfer of the case to the United States Court of Appeals for the Ninth Circuit, which ultimately dismissed the appeal on the ground that it did not relate to a final, appealable order.

After the order dismissing this appeal was filed but nine days before the mandate issued, the Montana district court entered an order setting a discovery schedule in Nascimento's case. Nascimento requested an extension of the discovery deadline because he stated that he was having difficulty obtaining counsel in Montana, but the court denied his motion. Nascimento then filed a Notice of Appeal, or alternatively a Request for a Writ of Mandamus, in the Ninth Circuit seeking review of the order denying his motion to extend discovery. This Notice of Appeal was faxed to the district court and entered in the docket.

One week after Nascimento's Notice of Appeal of the discovery order was filed, the district court held a final pretrial conference, the date for which had been set more than a month earlier. Neither Nascimento nor his attorney appeared at that conference, nor did either of them alert the district judge or opposing parties of their intention not to appear because of the pending appeal. Robyn Weber, the former lawyer for Nascimento's ex-wife, was the only party who attended the pretrial conference. At that conference District

motion for reconsideration of that court's earlier order dismissing Nascimento's suit against most of the defendants for lack of personal jurisdiction and transferring the case against the remaining defendants to Montana. Nascimento appealed both the original order and the order denying his motion for reconsideration to the Ninth Circuit, but as only the dates surrounding the second appeal are relevant to the case before us, the procedural history of the first appeal is not discussed in this opinion.

Judge Molloy declared that he would dismiss Nascimento's complaint as a sanction under Federal Rule of Civil Procedure 16(f) for his failure to appear as well as for his lack of preparation for trial. Nascimento's complaint was thereafter dismissed without prejudice in a written order filed five days later.

## II

We consider each of the issues raised by Nascimento in turn.

**[1]** (1) The Nevada district court order that Nascimento appealed to the Ninth Circuit in June of 2004 was not a final, appealable order. The Nevada district court order of which Nascimento was seeking reconsideration had two components: dismissal of some, but not all, of the defendants for lack of personal jurisdiction; and transfer of the claims against the remaining defendants to the District of Montana under 28 U.S.C. § 1406. Neither of these orders is a final appealable order, nor does either one satisfy the collateral order doctrine. *See Special Investors, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 993 (9th Cir. 2004) (dismissal of some defendants for lack of personal jurisdiction while allowing suit to continue against others is not directly appealable); *Varsic v. U.S. District Court*, 607 F.2d 245, 251 (9th Cir. 1979) (transfer orders under 28 U.S.C. § 1406 are not directly appealable). Consequently, the denial of Nascimento's motion to reconsider these earlier interlocutory orders was also not independently appealable. *See Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1317 (9th Cir. 1981) (vacated on other grounds by 454 U.S. 934). When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply. *See Ruby v. Secretary of the Navy*, 365 F.2d 385, 388-89 (9th Cir. 1966) (en banc). Nascimento's June 2004 Notice of Appeal was defective in

that it sought to appeal non-appealable orders. Thus we never had jurisdiction over that appeal, and it was proper for the Montana district court to begin exercising jurisdiction over the case.[2]

**[2]** (2) The Montana district court did not abuse its discretion by denying Nascimento's motion to extend the discovery deadline. *See Century 21 Real Estate Corp. v. Sandlen*, 846 F.2d 1175, 1181 (9th Cir. 1988). Nascimento had nearly five months to conduct discovery after the order setting the discovery schedule was entered, but he made no attempts to do so until or immediately before the deadline. His claim that he was delayed in finding Montana counsel to help in the discovery process because of uncertainty about the jurisdictional and venue issues in the case is not persuasive, because the mandate in his appeal on those grounds issued only nine days after the discovery schedule in the Montana district court was set. Finally, the events giving rise to Nascimento's claims against his ex-wife and her lawyer, which arose following a domestic relations dispute, had occurred several years earlier, and had lasted in some form or another for several years, so the factual contours of the issues about which he wanted information through discovery were established and did not require more time to develop. The district court in Montana acted within its sound discretion in denying Nascimento's motions for an extension.[3]

---

[2]Even if the Montana district court had erred in initiating proceedings in the case before the mandate had issued, any such error would be made moot by that court's later decision to dismiss Nascimento's case as a sanction for his non-appearance at the pretrial conference. *See Hall v. Beals*, 396 U.S. 45, 48 (1969) (holding that an issue is moot when it has "lost its character as a present, live controversy of the kind that must exist if we are to avoid [rendering] advisory opinions on abstract propositions of law.").

[3]Though the denial of a motion to extend discovery is generally not appealable, in this case it merged into the district court's final appealable order dismissing Nascimento's case without prejudice, and so we have jurisdiction to review it. *Cf. Chacon v. Babcock*, 640 F.2d 221 (9th Cir. 1981) (holding that an order is not appealable unless it disposes of all claims as to all parties or judgment is entered in compliance with Fed. R. Civ. P. 54(b)).

**[3]** (3) The district court also did not abuse its discretion when it dismissed Nascimento's case without prejudice as a sanction under Federal Rule of Civil Procedure 16(f) for his and his attorney's failure to appear at a scheduled pretrial conference or to otherwise prepare for trial. The district court properly considered the factors relevant to its decision to dismiss the complaint as a sanction for a rules violation and concluded that no less severe sanction would be appropriate under the circumstances and that continuing the suit in light of Nascimento's non-cooperation would risk prejudicing the defendants. *See Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). A dismissal sanction will be overturned if the reviewing court has a definite and firm conviction that the sanction was clearly outside an acceptable range. *Chism v. National Heritage Life Ins. Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (overruled on other grounds by *Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir. 1987) (en banc)). Here, dismissal of Nascimento's complaint was an appropriate and permissible response of the district court to his failure to appear or to explain that he would not be appearing because of his pending appeal, at the scheduled pretrial conference. The district court did not abuse its discretion in imposing this sanction.

**[4]** Finally, that Nascimento had already entered a Notice of Appeal regarding the denial of his motion to extend discovery did not deprive the Montana district court of jurisdiction to dismiss his complaint. Discovery orders, such as an order not to extend the time for discovery, are interlocutory and thus not usually subject to immediate appeal. *See David v. The Hooker, Ltd.*, 560 F.2d 412, 415 (9th Cir. 1977). As explained above, appeals of such interlocutory orders do not transfer jurisdiction to the appellate court and thus do not strip the district court of jurisdiction to conduct further proceedings in the case. *Ruby v. Secretary of the Navy*, 365 F.2d 385, 388-89 (9th Cir. 1966) (en banc). This precedent signifies that when a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of

our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction.

**[5]** Though Nascimento also framed his Notice of Appeal as a petition for a writ of mandamus, such petitions for extraordinary writs do not destroy the district court's jurisdiction in the underlying case. *See Ellis v. U.S. District Court*, 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc). Further, even if the order denying Nascimento an extension had been immediately appealable under the collateral order doctrine, it only would have divested the district court of jurisdiction over the discovery issue and would not have affected its jurisdiction over other matters in the case. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). No stay of the district court proceedings pending resolution of the appeal had been sought or granted, and so Nascimento remained under an obligation to comply with the district court's orders and pretrial timetable notwithstanding his appeal. His failure to comply with court orders was properly sanctionable by a dismissal of his case without prejudice.[4]

**AFFIRMED.**

---

[4]Such a dismissal without prejudice is a final appealable order open to direct review by this court. *See United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949) ("That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned."); *see also De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998) ("The dismissal of an action, even when it is without prejudice, is a final order."); *Thompson v. Potashnick Constr. Co.*, 812 F.2d 574, 576 (9th Cir. 1987) ("That the dismissal is without prejudice and the litigation may be renewed does not affect its appealability . . . .").