FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 11-30372 |
| | 11-30373 |
| Plaintiff - Appellee, | 12-30166 |
| v. | D.C. Nos. 3:02-cr-00467-MO |
| | 3:10-cr-00402-MO |
| RYAN BONNEAU, | |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

In these consolidated appeals, Ryan Bonneau appeals from the district

court's orders denying his motion to quash a writ of garnishment, and granting the

government's motion for a final order of garnishment. We dismiss Appeal Nos.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

11-30372 and 11-30373 for lack of jurisdiction.  As to Appeal No. 12-30166, we have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bonneau contends that the district court erred by denying his motion to quash the writ of garnishment.  Because the record reflects that the district court did not intend its order denying the motion to be final, we dismiss this appeal for lack of jurisdiction.  *See Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) ("A ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter.") (internal quotation marks omitted).

Bonneau also contends that the district court erred by granting the government's motion for a final order of garnishment.  We disagree.  Contrary to Bonneau's contention, the district court retained jurisdiction to grant the government's motion while Bonneau's appeal from the court's denial of his motion to quash the writ was pending.  *See Nascimento v. Dummer*, 508 F.3d 905, 909-10 (9th Cir. 2007) (improper interlocutory appeal does not divest the district court of jurisdiction over the case).  Furthermore, the record does not indicate any unreasonable delay by the government in seeking to garnish the funds, which it properly sought to apply to an outstanding restitution award against Bonneau.  Treating this as a final judgment, we affirm.

Bonneau's argument that the government should be sanctioned for seeking a final order of garnishment is not properly before this court because Bonneau withdrew his motion for sanctions in the district court.

Any arguments related to Bonneau's motion for return of property are moot in light of this court's disposition in Appeal No. 11-30269.

**Appeal Nos. 11-30372 and 11-30373 are DISMISSED; Appeal No. 12-30166 is AFFIRMED.**