**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: YAN SUI, | No. 16-60081 |
| Debtor. | BAP No. 16-1231 |
| _____ | |
| YAN SUI; PEI-YU YANG, | MEMORANDUM* |
| Appellants, | |
| v. | |
| RICHARD A. MARSHACK; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty, and Kurtz, Bankruptcy Judges, Presiding

Submitted May 8, 2017**

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Chapter 7 debtor Yan Sui and non-debtor Pei-Yu Yang appeal pro se from a

judgment of the Bankruptcy Appellate Panel ("BAP") dismissing Sui's appeal for

_____

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

lack of standing. We must determine our own jurisdiction sua sponte. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). We dismiss for lack of appellate jurisdiction.

On May 5, 2016, the bankruptcy court entered an order denying Sui's motion challenging the validity of claims filed in his bankruptcy case. On May 19, 2016, Sui refiled his motion seeking identical relief. On July 8, 2016, the bankruptcy court entered an order denying Sui's second motion. Sui filed a notice of appeal on July 19, 2016.

We lack jurisdiction over this appeal because Sui did not appeal from the bankruptcy court's final order within the 14 days prescribed by Fed. R. Bankr. P. 8002(a)(1). *See* 28 U.S.C. § 158(c)(2) (an appeal to the BAP or district court from a bankruptcy court must be taken within the time provided by Fed. R. Bankr. P. 8002); *Slimick v. Silva (In re Slimick)*, 928 F.2d 304, 307 (9th Cir. 1990) (the filing of an order or judgment after the entry of a final disposition resolving the issue at bar does not constitute a second final disposition or extend the appeal period); *see also Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to

16-60081

review the bankruptcy court's order.").

All pending motions are denied.

**DISMISSED.**