**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | No. 19-55699 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-00635-AG-ADS |
| v. | MEMORANDUM* |
| SUNSTONE VON KARMAN, LLC, DBA Renaissance Newport Beach Hotel, a Delaware limited liability company, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 6, 2020**

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Theresa Brooke appeals from the district court's order dismissing her action

alleging violations of the Americans with Disabilities Act and California's Unruh

Civil Rights Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

abuse of discretion. *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007) (dismissal for failure to appear at a pretrial conference); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (dismissal for failure to comply with a court order). We vacate and remand.

The district court dismissed Brooke's action following a hearing on an order to show cause issued after Brooke failed to appear at a scheduling conference. The district court, however, failed to explain why less drastic sanctions were inadequate. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 131-32 (9th Cir. 1987) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." (citation and internal quotation marks omitted)); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."). Accordingly, we vacate and remand for further proceedings.

**VACATED and REMANDED.**

19-55699