**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD CARLIN; et al., | No. 19-16166 |
| Plaintiffs-Appellees, | D.C. Nos. |
| | 1:09-cv-00430-AWI-EPG |
| v. | 1:09-cv-00556-AWI-DLB |
| | 1:09-cv-00558-AWI-DLB |
| JOHN SPOONER; et al., | 1:09-cv-00607-AWI-DLB |
| Objectors-Appellants, | |
| v. | MEMORANDUM[*] |
| DAIRYAMERICA, INC.; CALIFORNIA DAIRIES, INC., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 1, 2020[**]
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Objectors appeal the district court's order approving a $40-million class action settlement between Plaintiffs-Appellees (a class of almost 26,000 dairy farmers) and Defendants-Appellees DairyAmerica, Inc. and California Dairies, Inc. (collectively, "Appellees").[1]  We dismiss the appeal for lack of appellate jurisdiction.

A timely notice of appeal is a jurisdictional requirement in civil cases; we "must dismiss civil appeals that are untimely for lack of jurisdiction, whether or not the parties raise the issue." *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007).[2]

There is no valid notice of appeal in this case.  The district court struck the objectors' notice of appeal for failure to comply with local and federal rules because it was signed only by the objectors' attorney, who was neither admitted to the Bar of the Eastern District of California nor permitted to appear in the case *pro hac vice*.  The objectors did not appeal the district court's order striking the notice of appeal or seek to cure the notice's deficiencies.

A valid notice of appeal is the mechanism that transfers jurisdiction from the

---

[1] Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal.

[2] Appellees raised the jurisdictional issue in a prior motion for summary disposition, which was denied by a Ninth Circuit motions panel without prejudice. Because the motion was denied without prejudice, we may still consider the issue of appellate jurisdiction.  *See Nat'l Indus., Inc. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258, 1262 (9th Cir. 1982).

district court to the court of appeals. *See Ruby v. Sec'y of the Navy*, 365 F.2d 385, 388 (9th Cir. 1966) (en banc) ("If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air."); *see also Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). Because there is no valid notice of appeal, we dismiss this appeal for lack of jurisdiction.

**DISMISSED.**