NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT A. SLOVAK,

Plaintiff - Appellant,

v.

WELLS FARGO BANK, N.A.,

Defendant - Appellee.

No. 23-2649

D.C. No.
3:13-cv-00569-MMD-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 14, 2025[**]
San Francisco, California

Before: N.R. SMITH and JOHNSTONE, Circuit Judges, and CHRISTENSEN,
District Judge.[***]

Robert Slovak appeals the district court's enforcement of a settlement

agreement between Slovak and Wells Fargo Bank, N.A. ("Wells Fargo"). Slovak

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

also appeals the district court's 2021 evidentiary hearing, arguing that the district court lacked jurisdiction to proceed. Slovak further contends that the district court treated him disparately, resulting in "manifest injustice." We have jurisdiction pursuant to 28 U.S.C. §1291 and we affirm the judgment of the district court.

We review a district court's order to enforce a settlement agreement for abuse of discretion. *Wilcox v. Arpaio*, 753 F.3d 872, 875 (9th Cir. 2014).

Here, the magistrate judge found, based on the evidence presented at two evidentiary hearings, that "the Loan Documents proffered by Wells Fargo [were] the authentic original documents." The judge based this conclusion on the evidence presented by Wells Fargo through its chain of custody witnesses and its expert witnesses. The judge explained that "there [was] no evidence in the record to refute the fact that the tendered documents are [] the authentic, originals." The district court adopted these findings in full. Based on these findings, the magistrate judge issued an enforcement order requiring the parties to consummate the settlement agreement. This was not an abuse of discretion. *See Wilcox*, 753 F.3d at 875.

We also conclude that the magistrate judge retained jurisdiction to proceed with the 2021 evidentiary hearing. "'The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018) (quoting

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, "[w]hen a [n]otice of [a]ppeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). Rather, "when an improper appeal is taken, the district court retains its jurisdiction to act on the case." *Id.* at 910.

We granted Wells Fargo's motion to dismiss Slovak's appeal of the district court's no filing mandate "because the challenged order [was] not appealable as an injunction." Because we found that the appeal was defective, "the district court retain[ed] its jurisdiction to act on the case." *Nascimento*, 508 F.3d at 910.

Finally, contrary to Slovak's contention, we conclude that the district court did not treat Slovak in a prejudicial and disparate manner resulting in "manifest injustice."

First, the district court did not abuse its discretion in issuing the orders that Slovak claims undermined his case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions.'"). Second, because Slovak did not move to disqualify Kelly Dove nor object to her testimony at the second evidentiary hearing, we deem Slovak's objection to her testimony

waived. *See Price v. Kramer,* 200 F.3d 1237, 1252 (9th Cir. 2000) ("By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal."). Third, the district court did not abuse its discretion in denying Slovak's motion to recuse. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal.").

**AFFIRMED.**